FILED'08 AUG 08 14:09 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 01-CR-512-BR |
| Plaintiff, | (07-CV-70029-BR) |
| v. | 03-CR-465-BR<br>(07-CV-70028-BR) |
| VIKTOR MASCAK, | OPINION AND ORDER |
| Defendant. | |

KARIN J. IMMERGUT
United States Attorney
FREDRIC N. WEINHOUSE
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1031

          Attorneys for Plaintiff

SAMUEL C. KAUFFMAN
Garvey Schubert Barer
121 S.W. Morrison Street
11th Floor
Portland, OR 97204-3141
(503) 228-3939

          Attorneys for Defendant

1  - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Viktor Mascak's Motions to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255 (#304, 01-CR-512-BR; #62, 03-CR-465-BR) and Supplemental Motions to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255 (#308, 01-CR-512-BR; #66, 03-CR-465-BR).[1]

For the reasons that follow, the Court **DENIES** Defendant's Motions.

## BACKGROUND

On October 18, 2002, in a 34-count Superseding Indictment, the government charged Defendant Viktor Mascak, among others, with various crimes including Dealing in Firearms without a Federal Firearms License (FFL) in violation of 18 U.S.C. § 922(a)(1)(A); selling firearms to persons even though he was not a licensed importer, manufacturer, or dealer for firearms in violation of 18 U.S.C. § 922(a)(5); and making false statements on a number of Department of Alcohol, Tobacco, and Firearms (ATF) 4473 forms in violation of 18 U.S.C. § 924(1)(1)(A).

On January 13, 2003, Defendant filed a Motion to Dismiss the Superseding Indictment based on allegations of perjured grand-jury testimony. On May 5, 2003, the Court entered an Order

---

[1] Even though the Court consolidated 01-CR-512-BR and 03-CR-465-BR on November 5, 2003, Defendant filed his Motions in each case.

denying Defendant's Motion to Dismiss the Superseding Indictment
in which the Court noted it had reviewed the government's
submissions *in camera*, considered the parties' written arguments,
and concluded it did not

> find any basis to conclude the government
> knowingly presented perjured testimony . . . to
> the Grand Jury.  To the extent inconsistencies in
> Coalwell's statements appear over time, they fall
> far short of constituting a basis for conclusively
> determining Coalwell must have given false
> statements under oath when he testified before the
> Grand Jury or the government had a duty to notify
> the Grand Jury that Coalwell's testimony might be
> suspect.

On October 16, 2003, the United States District Court for
the Eastern District of Washington transferred to this Court an
Indictment against Defendant on charges of Dealing in Firearms
Without a License and Unlawful Transfer of a Firearm in violation
of 18 U.S.C. § 922(a)(5).  On November 5, 2003, this Court
consolidated Case Nos. 01-CR-512-BR and 03-CR-465-BR for trial.

On December 16, 2003, these cases proceeded to trial on
charges against Defendant for Dealing Firearms Without a License
and Selling Firearms to an Out-of-State Resident.  On
December 22, 2003, the jury rendered a Verdict finding Defendant
guilty on all counts.

On June 25, 2004, the Court sentenced Defendant to 24 months
imprisonment on each count to run concurrently.  The Court also
imposed a term of three years supervised release.  On June 30,
2004, the Court entered Amended Judgments to reflect the Court's

3  - OPINION AND ORDER

Orders requiring Defendant to forfeit all of the firearms identified in the Court's Preliminary Orders of Forfeiture. Defendant filed Notices of Appeal on July 2, 2004.

On August 5, 2005, the Ninth Circuit issued an Opinion in which it affirmed Defendant's conviction and the Court's Orders of forfeiture. The Ninth Circuit, however, remanded these cases to this Court for review of Defendant's sentence in accordance with *United States v. Ameline*, 409 F.3d 1073, 1084-85 (9th Cir. 2005).

On November 1, 2005, the Court entered Orders as to the Ninth Circuit's remand in which it explicitly evaluated the factors enumerated in 18 U.S.C. § 3553(a) and, nonetheless, concluded the same sentence would have been imposed even if the United States Sentencing Guidelines had been advisory at the time of the original sentencing. The Court, therefore, did not amend or alter the Amended Judgments.

On November 7, 2005, Defendant appealed the Court's November 1, 2005, Orders to the Ninth Circuit.

On August 1, 2006, the Ninth Circuit entered an Opinion in which it affirmed this Court's November 1, 2005, Orders.

On October 22, 2007, Defendant filed Motions to Vacate or Correct Sentence pursuant to § 2255 in which he alleges he received ineffective assistance of counsel because (1) trial counsel failed to alert the Court that Defendant suffered

significant hearing loss; (2) trial counsel failed to adequately cross-examine and to impeach Brian Coalwell; (3) trial counsel failed to elicit the testimony of a number of individuals as to their opinions of Coalwell's character for truthfulness and his reputation in the community; (4) trial counsel failed to adequately cross-examine and to impeach Brian Rasmussen based on his November 26, 2000, statement to law-enforcement officials; (5) trial counsel failed to adequately cross-examine and to impeach Kenneth Kennedy based on his February 12, 2001, statement to law-enforcement officials; (6) trial counsel failed to adequately cross-examine Jamie Mascak "regarding the scope of his admissions and the true nature of his guilty plea to Failing to Make or Maintain Appropriate Records as a Federally Licensed Firearms Dealer, based upon conduct that did not involve his father"; (7) trial counsel failed to elicit the testimony of Monte Wade Hack, "among others," regarding his opinion of government witness Richard Shepard's character for truthfulness; (8) trial counsel failed to elicit testimony from a handwriting expert to evaluate the handwriting on a number of ATF 4473 forms; (9) trial counsel failed to call Levi Enriquez and "other witnesses" who attended gun shows with Defendant to "affirm and [to] support the defense theory that [Defendant] tried to conform his conduct to the requirements of the firearms law"; (10) trial counsel did not adequately prepare Defendant to testify,

particularly in light of Defendant's language barrier; (11) trial counsel failed to move to exclude or to limit the government's "papering" theory as well as the witnesses and evidence presented in support of that theory; (12) trial counsel failed to object to the display of firearms before the jury; (13) trial counsel failed to adequately object to the trial court's transfer of venue to Portland; (14) appellate counsel "failed to adequately raise as error the trial court's denial of defendant's motion to dismiss the government's presentation of perjured grand jury testimony"; and (15) sentencing counsel failed to object to the Court's use of the preponderance-of-the-evidence standard when determining the sentencing guideline range.

## **STANDARDS**

The Supreme Court has established a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 678, 687 (1984). Under this test, a defendant must not only prove counsel's assistance was deficient, but also that the deficient performance prejudiced the defense. *Id.* *See also Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir.), *cert. denied*, 513 U.S. 1001 (1994); *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir.) (*en banc*), *cert. denied*, 511 U.S. 119 (1994); *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992), *cert. denied*, 507 U.S. 951

(1993).

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." *Mak*, 970 F.2d at 618 (citing *Strickland*, 466 U.S. at 687-88)).  The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance.  *Strickland*, 466 U.S. at 688.  There is a strong presumption that counsel's assistance was adequate. *Id.* at 689.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  *See also United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996), *cert. denied*, 520 U.S. 1269 (1997).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 695.

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."  *Id.* at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  *Id.*

## DISCUSSION

### I.   Defendant's Hearing Issues.

Defendant contends his trial counsel was ineffective because he failed to alert the Court that Defendant suffered from a significant hearing loss, and, as a result, he was unable to meaningfully participate in the proceedings, to hear all of the questions posed to him, and to give adequate testimony.

In his Declaration, Defendant's trial counsel testifies Defendant did not inform him that he had a hearing problem. Indeed, the trial transcripts do not reflect any instance in which Defendant stated he was unable to hear the proceedings or any questions directed at him.  In addition, Defendant was provided with a translator at trial who he relied on at various times to assist him in understanding the proceedings.  Moreover, the Court did not observe any indication in Defendant's demeanor in the pretrial or trial proceedings that suggested he was having difficulty hearing.  Because the Defendant frequently addressed the Court directly before, during, and after trial, the Court is confident Defendant would have disclosed this issue if he deemed it to be a problem at the time.  Finally, although Defendant submitted a report from an audiologist who opines Defendant has "moderate-to-severe sensorimeural hearing loss in both ears," that report is dated October 2005 and, therefore, was prepared almost two years after the trial.

8  - OPINION AND ORDER

Based on this record, the Court concludes trial counsel was not ineffective for failing to inform the Court that Defendant suffered from hearing loss.

**II.  Brian Coalwell.**

Defendant contends he received ineffective assistance of counsel because his trial counsel failed to adequately cross-examine and to impeach Brian Coalwell.  Specifically, Defendant contends trial counsel did not adequately "demonstrate the benefit [Coalwell] received from the government by his agreement to testify against defendant" and failed to impeach Coalwell with his prior inconsistent statement made to law-enforcement officials.

**A.    Trial counsel was not ineffective with respect to establishing the benefit Coalwell received from the government.**

As noted, Defendant contends his trial counsel did not adequately establish for the jury the benefit received by Coalwell for testifying for the government (*i.e.*, that the government entered into a Plea Agreement with Coalwell that allowed him to plead to a Class A misdemeanor rather than face more serious charges).  On cross-examination, however, Coalwell testified he "pled guilty in order to get an advantage . . . to make sure that [he] can still carry a firearm, or not be a felon . . . and also stay out of prison."  Coalwell also admitted he "negotiated a deal with the Government, where [he was] not going

9 - OPINION AND ORDER

to get any time at all in prison."

The Court, therefore, concludes trial counsel was not ineffective as alleged because, contrary to Defendant's contentions, trial counsel affirmatively established Coalwell received the benefit of a reduced charge and a reduced sentence in return for testifying for the government in this matter.

**B.    Trial counsel was not ineffective for failing to confront Coalwell with his prior statement to law-enforcement officials.**

Defendant contends trial counsel was ineffective because he did not confront Coalwell with his January 24, 2001, statement to law-enforcement officials.

Defendant notes during the execution of the search warrant of Coalwell's residence, Coalwell told law-enforcement officials that Brian Rasmussen and Kenneth Kennedy filled out ATF 4473 forms for him, but at trial Coalwell testified Rasmussen and Kennedy filled out the ATF 4473 forms (*i.e.*, "papered" guns) for Defendant.  In his interview with law-enforcement officials, however, Coalwell told them that Defendant called him on "several occasions" and "stated that he had some firearms that needed to be 'papered,'" which Coalwell would do in return for getting the firearms he wanted at wholesale prices.  Coalwell asserts he "may have filled out the paperwork but [he] did not take possession of the firearms."  Thus, even if this earlier statement was before the jury, the Court concludes the jury reasonably could have

10   – OPINION AND ORDER

inferred in the context of the entire interview that Rasmussen and Kennedy did so as part of Defendant's effort to "paper" guns using Coalwell and others.

The Court, therefore, finds Defendant has not established that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." In any event, Defendant also has not established trial counsel's performance in this respect fell below "an objective standard of reasonableness under prevailing professional norms."

Accordingly, the Court concludes trial counsel was not ineffective for failing to confront Coalwell with the prior statement he made to law-enforcement officials on January 24, 2001.

### III. Trial counsel's failure to present the testimony of a number of individuals.

Defendant contends trial counsel was ineffective because he failed to present the testimony of a number of individuals as to their opinions of Coalwell's character for truthfulness and his reputation in the community.

Trial counsel testifies in his Declaration that he could not locate any witnesses who could impeach Coalwell. In addition, Coalwell was impeached at trial when it was established that he pled guilty to a federal misdemeanor in connection with his illegal firearm activities. Coalwell also testified his

11  - OPINION AND ORDER

reputation in his hometown was "pretty much, you know, shot" and
that he knew his actions in "papering" guns were wrong, but,
nevertheless, he involved his friends in those actions.  Finally,
Defendant has not established how Coalwell would have been
impeached by the individuals identified by Defendant.

Based on this record, the Court finds Defendant has not
established that trial counsel's failure to call the individuals
identified by Defendant fell below "an objective standard of
reasonableness under prevailing professional norms."  In any
event, Defendant also has not established the result of the
proceedings would have been different if trial counsel had called
these individuals.

Accordingly, the Court concludes trial counsel was not
ineffective for failing to call the individuals at issue as
defense witnesses at trial.

**IV.    Brian Rasmussen.**

Defendant contends he received ineffective assistance
of counsel because his trial counsel failed to adequately
cross-examine and to impeach Brian Rasmussen based on his
November 26, 2000, statement to law-enforcement officials.
In his November 26, 2000, statement, Rasmussen acknowledges
"after the firearms transactions were complete he helped load
all of the firearms into Coalwell's vehicle."  At trial Rasmussen
testified Coalwell received "some of the firearms," but he could

12   - OPINION AND ORDER

not recall how many.  Defendant contends trial counsel should
have confronted Rasmussen with his prior statement, which,
according to Defendant, implies Coalwell received all of the
firearms and Defendant did not keep any of them.

At trial Rasmussen testified he did not know what happened
to the firearms in question and he was not aware that law-
enforcement officials found one of them at Defendant's house.
Rasmussen also testified he could not recall how many of the
firearms were obtained by Coalwell.  On cross-examination,
Rasmussen testified it was "certainly possible" that Coalwell
received the firearms.  Even if Coalwell received the firearms,
Rasmussen testified he did not have any idea what Coalwell did
with them after the transaction and stated they could have
"floated around in circulation, and one ended up in [Defendant's]
possession."

Trial counsel elicited testimony from Rasmussen that
Coalwell could have received all of the firearms and that it was
possible Defendant obtained the firearms found by law-enforcement
officials through some means other than retaining it from the
transaction with Rasmussen and Coalwell.

Based on this record, the Court finds Defendant has not
established that trial counsel's performance fell below "an
objective standard of reasonableness under prevailing
professional norms."  Accordingly, the Court concludes trial

13  - OPINION AND ORDER

counsel was not ineffective for failing to confront Rasmussen
with his prior statement to law-enforcement officials.

**V.    Kenneth Kennedy.**

Defendant contends he received ineffective assistance of
counsel because his trial counsel failed to adequately cross-
examine and to impeach Kenneth Kennedy based on his February 12,
2001, statement to law-enforcement officials.  In Kennedy's
February 12, 2001, statement, he informed law-enforcement
officials that Coalwell asked Kennedy to go with him to
Defendant's house to "fill out paper work and Brian Coalwell
would buy guns."  Kennedy also stated Coalwell and Defendant told
him that they needed Kennedy to fill out ATF 4473 forms so
Coalwell could get more guns to sell at gun shows.  Kennedy
stated he remembered providing "multiple [finger]prints for
[Defendant]" and admitted his signature was on multiple ATF 4473
forms on the same date.  Finally, Kennedy stated he did not
remember leaving Defendant's house with more than ten guns at a
time.  Defendant points to Kennedy's allegedly inconsistent trial
testimony in which he stated he went to Defendant's house with
Coalwell to "help with the firearm forms . . . probably four or
five times" and that Coalwell would usually get "five, six, maybe
eight guns," but "never ten or more."

Defendant asserts trial counsel was ineffective because he
failed to confront Kennedy at trial with his prior statements to

14  - OPINION AND ORDER

law-enforcement officials.  It is questionable, however, whether
Kennedy's trial testimony is inconsistent with his February 12,
2001, statement to law-enforcement officials.  In any event,
Kennedy testified at trial that Coalwell was receiving firearms
and that Kennedy was assisting Coalwell in doing so.

Based on this record, the Court finds Defendant has not
established that "there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding
would have been different."  Defendant also has not established
trial counsel's performance fell below "an objective standard
of reasonableness under prevailing professional norms."
Accordingly, the Court concludes trial counsel was not
ineffective for failing to confront Kennedy with the statements
he made to law-enforcement officials on February 12, 2001.

## VI.  Jamie Mascak.

On January 23, 2003, Defendant's son, Jamie Mascak, pled
guilty to Failing to Make or Maintain Appropriate Records as a
Federally Licensed Firearms Dealer in violation of 18 U.S.C.
§ 922(m).

At trial Jamie Mascak testified he pled guilty "to charges
that arose out of this investigation."  Defendant contends Jamie
Mascak's testimony was "profoundly misleading" because it
suggested to the jury that Jamie Mascak had pled guilty to the
same charges and the same series of transactions for which Viktor

15  - OPINION AND ORDER

Mascak was on trial.  Defendant contends trial counsel was
ineffective because he failed to adequately cross-examine Jamie
Mascak "regarding the scope of his admissions and the true nature
of his guilty plea to Failing to Make or Maintain Appropriate
Records as a Federally Licensed Firearms Dealer, based upon
conduct that did not involve his father."  Defendant also
contends trial counsel should have called Jamie Mascak as a
witness for the defense.

On cross-examination, trial counsel elicited testimony from
Jamie Mascak that he kept three briefcases with documents in them
at his father's residence and that he used his father's residence
for his FFL license because he wanted someone to be available
when UPS made deliveries.  Jamie Mascak testified he never
transferred guns to his father and that he sold them to his
father at cost.  Jamie Mascak also testified he never added guns
to the ATF 4473 forms after the buyers left or diverted guns to
his father to enable him to sell guns at gun shows.  Based on
this record, the Court concludes trial counsel's cross-
examination of Jamie Mascak did not fall below "an objective
standard of reasonableness under prevailing professional norms."

With respect to trial counsel's decision not to call Jamie
Mascak as a defense witness, "the decision whether to [call]
certain witnesses rests upon the sound professional judgment of
the trial lawyer." *Gustave v. United States*, 627 F.2d 901, 904

(9th Cir. 1980).  In addition, the Court finds Defendant has not established that the result of the proceeding would have been different if trial counsel had called Jamie Mascak as a defense witness.

Accordingly, the Court concludes on this record that trial counsel was not ineffective when he cross-examined Jamie Mascak and when he failed to call Jamie Mascak as a defense witness.

**VII. Monte Wade Hack.**

Defendant contends trial counsel was ineffective because he failed to elicit the testimony of Monte Wade Hack, "among others," regarding his opinion of government witness Richard Shepard's character for truthfulness.

At trial Shepard testified he had lied to Special Agent Michael McNall as to filling out and signing several ATF 4473 forms.  Defendant's trial counsel elicited testimony about the fact that Shepard lied to Agent McNall in connection with signing several ATF 4473 forms for firearms that he did not receive. Defendant has not established how Hack's testimony would have shed light on Shephard's character for truthfulness beyond what was established at trial.  In addition, Defendant has not established what Hack's testimony would have been as to Shephard's character for truthfulness.

Based on this record, the Court finds Defendant has not established that the result of the proceeding would have been

different if trial counsel had called Hack as a defense witness.
Accordingly, the Court concludes trial counsel was not
ineffective when he failed to call Hack as a defense witness.

## VIII. Handwriting Expert.

Defendant contends his trial counsel was ineffective because
he failed to elicit testimony from a handwriting expert to rebut
the government's expert and to evaluate the handwriting on a
number of ATF 4473 forms.  Trial counsel testifies in his
Declaration that he did not call a handwriting expert because
Defendant admitted to him that the handwriting on the exhibits
was Defendant's handwriting.  In addition, Defendant admitted at
trial that his handwriting was on the ATF 4473 forms admitted
into evidence.

Based on this record, the Court finds Defendant has not
established that the result of the proceeding would have been
different if trial counsel had called a handwriting expert.
Accordingly, the Court concludes Defendant's trial counsel was
not ineffective because he failed to call a handwriting expert as
a defense witness.

## IX.  Levi Enriquez.

Defendant contends trial counsel was ineffective when he
failed to call Levi Enriquez and "other witnesses" who attended
gun shows with Defendant to "affirm and support the defense
theory that [Defendant] tried to conform his conduct to the

requirements of the firearms law" and that Defendant was not familiar with the restrictions pertaining to the sale or purchase of firearms by out-of-state residents.

It is questionable whether character evidence would have been admissible under Federal Rule of Evidence 404 to establish that Defendant "acted in conformity therewith."  In any event, there was considerable evidence at trial regarding Defendant's conduct at gun shows and testimony regarding Defendant's understanding of firearms laws.

Based on this record, the Court finds Defendant has not established that the result of the proceeding would have been different if trial counsel had called Levi Enriquez or other persons who attended gun shows as witnesses.  Accordingly, the Court concludes Defendant's trial counsel was not ineffective because he failed to call Levi Enriquez or other persons who attended gun shows as defense witnesses.

**X.    Trial counsel's preparation of Defendant to testify.**

Defendant contends trial counsel was ineffective because he did not adequately prepare Defendant to testify, particularly in light of Defendant's language barrier.

Trial counsel testifies in his Declaration that he spoke with Defendant over 50 times in preparation for trial and he spent over eight hours specifically practicing with Defendant in preparation for his direct examination and potential cross-

19  - OPINION AND ORDER

examination.  In his Declaration, Defendant denies trial counsel spent over eight hours practicing with him.  Defendant points to his response to a question from trial counsel as to whether Defendant knew he had to have a federal firearms license to run a business dealing in firearms.  At trial Defendant responded "no," but in his Declaration Defendant asserts he "very clearly did not understand [trial counsel's] question.  Of course I knew that someone who was in the business of dealing in firearms had to have a license.  Indeed, I at one time possessed such a dealer's license in the early 1980s."

At trial Defendant had an interpreter.  Trial counsel elicited information from Defendant that, among other things, he had language difficulties, that he was aware he could not sell firearms to out-of-state residents, that he did not profit from gun shows, that he had other sources of income, and that the firearms at Defendant's house were his personal collection. Defendant also denied "papering" guns and attempted to convince the jury that he sold firearms only as a hobby rather than as a business.  Thus, Defendant did not make any substantial admissions against his interest at trial during his direct testimony or his cross-examination.

Based on this record, the Court finds Defendant has not established that trial counsel failed to adequately prepare him to testify at trial.  Defendant also has not established trial

counsel's performance in this regard "fell below an objective standard of reasonableness under prevailing professional norms." Accordingly, the Court concludes trial counsel was not ineffective in preparing Defendant to testify at trial.

**XI. "Papering" theory.**

Defendant contends trial counsel was ineffective because he failed to move to exclude or to limit the government's "papering" theory as well as the witnesses and evidence presented in support of that theory.  Defendant asserts this evidence had little relevance to the charges against him.

The jury, however, was entitled to receive evidence relating to the process of obtaining firearms and the ATF 4473 form in order to understand the charges against Defendant.  The government properly submitted the "papering" evidence to establish how the firearms were obtained at cost from Jamie Mascak for the purpose of drawing less attention to Defendant. In addition, Defendant testified his sales at gun shows were "private."  Presentation of the ATF 4473 forms and the history of the execution of the 4473 forms submitted was necessary to provide context to the jury for the term "private" gun sales.

Based on this record, the Court finds trial counsel's failure to move to exclude or to limit the government's "papering" witnesses and evidence presented in support of the government's theory did not fall "below an objective standard

of reasonableness under prevailing professional norms."
Accordingly, the Court concludes trial counsel was not
ineffective when he failed to move to exclude or to limit the
government's "papering" evidence and witnesses.

## XII. Defendant's additional claims.

In addition to the above claims alleged with the help of
counsel, Defendant also raises a number of other claims on his
own.

### A.    Display of firearms.

Defendant asserts trial counsel was ineffective because
he failed to object to the display of firearms before the jury.
The Court, however, supervised the display of firearms, allowed
the jurors to walk briefly around the well of the courtroom to
view the firearms, and did not allow the firearms to be taken to
the jury room during deliberations.  In addition, because
Defendant was charged in part with dealing in firearms without a
license, the jury was entitled to see the firearms seized as
evidence.  Finally, many of the firearms had price tags on them,
which further supported the inference that Defendant was dealing
in firearms without a license.

Based on this record, the Court finds trial counsel's
failure to object to the display of firearms before the jury did
not fall "below an objective standard of reasonableness under
prevailing professional norms."  Accordingly, the Court concludes

trial counsel was not ineffective when he failed to object to the display of firearms before the jury.

**B.    Transfer of venue.**

Defendant contends trial counsel was ineffective because he failed to adequately object to the trial court's transfer of venue to Portland.

On Defendant's direct appeal, the Ninth Circuit affirmed the district court's decision as to venue and concluded: "[G]iven the record, the district court did not abuse its discretion in re-transferring venue to Portland [and] . . . [Defendant] did not establish plain Sixth Amendment error arising from a right to a jury venire representing a fair cross-section of the community." *United States v. Mascak*, Nos. 04-30279, 04-30321, 04-30313, 04-30322, 2005 WL 1869391, at *1  (9th Cir. Aug. 5, 2005).  "'[W]hen a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.'" *United States v. Scrivner*, 189 F.3d 825, 828 (9th Cir. 1999)(quoting *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972)).

Accordingly, the Court declines to relitigate the issue of the transfer of venue in this matter and concludes trial counsel was not ineffective because he failed to adequately object to the transfer of venue.

**C.    Denial of Defendant's Motion to Dismiss.**

23  - OPINION AND ORDER

Defendant contends his appellate counsel was ineffective because he "failed to adequately raise as error the trial court's denial of defendant's motion to dismiss the government's presentation of perjured grand jury testimony." The Ninth Circuit, however, addressed that issue on Defendant's direct appeal and found "[c]omparison of the grand jury transcripts to earlier ATF witness interview reports does not indicate that the government knowingly presented false testimony." *Mascak*, 2005 WL 1869391, at *1.

Accordingly, the Court concludes trial counsel was not ineffective because he failed to raise as error the trial court's denial of Defendant's Motion to Dismiss.

**D.    Use of the preponderance-of-the-evidence standard.**

Defendant contends he received ineffective assistance of counsel at sentencing because counsel failed to object to the Court's use of the preponderance-of-the-evidence standard in determining the sentencing guideline range. Defendant appealed his sentence, and the Ninth Circuit concluded this Court did not err when it applied a preponderance-of-the-evidence standard. *United States v. Mascak*, Nos. 05-30552, 05-30553, 2006 WL 2170433, at *1 (9th Cir. Aug 1, 2006).

Accordingly, the Court declines to relitigate the issue of the use of the preponderance-of-the-evidence standard at sentencing and concludes sentencing counsel was not ineffective

because he failed to object to the use of the preponderance-of-the-evidence standard.

## XIII. Defendant's Supplemental Motion.

Defendant filed a *pro se* Supplemental Motion pursuant to § 2255 in which he asserts there was perjured grand-jury testimony, the Court improperly sentenced him for the sale of 50 firearms even though he only sold six firearms, and his conviction was obtained through the use of "false evidence."

With respect to the first two allegations, the Ninth Circuit found:

> Comparison of the grand jury transcripts to earlier ATF witness interview reports does not indicate that the government knowingly presented false testimony. . . . Whatever inconsistencies exist are not material.

*Mascak*, 2005 WL 1869391, at *1.

> With respect to the firearms enhancement, there is ample evidence in the record that supports the district court's finding. Tellingly, Mascak and his co-defendant both testified that they had sold far more than 50 firearms during the period of time at issue.

*Mascak*, 2006 WL 2170433, at *1. The Court, therefore, concludes Defendant has not established a basis to vacate or to correct his sentence under § 2255.

With respect to Defendant's third contention, the Court has reviewed the record and the transcripts in this matter. The Court finds there was sufficient evidence in the record to support Defendant's conviction and the record does not support

25  - OPINION AND ORDER

any inference that the government presented false evidence.  The Court, therefore, concludes Defendant has not established a basis to vacate or to correct his sentence under § 2255.

Accordingly, the Court denies Defendant's Motion to Vacate or Correct Sentence.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motions to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255 (#304, 01-CR-512-BR; #62, 03-CR-465-BR) and Supplemental Motions to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255 (#308, 01-CR-512-BR; #66, 03-CR-465-BR), and **DISMISSES** these matters **with prejudice**.

IT IS SO ORDERED.

DATED this 8th day of August, 2008.


ANNA J. BROWN
United States District Judge

26  - OPINION AND ORDER