FILED'09 JAN 13 14:10USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 01-CR-512-BR |
| Plaintiff, | (07-CV-70029-BR) |
| v. | OPINION AND ORDER |
| VIKTOR MASCAK, | |
| Defendant. | |

**KARIN J. IMMERGUT**
United States Attorney
**FREDRIC N. WEINHOUSE**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1031

       Attorneys for Plaintiff

**SAMUEL C. KAUFFMAN**
Garvey Schubert Barer
121 S.W. Morrison Street
11th Floor
Portland, OR 97204-3141
(503) 228-3939

       Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the government's Motion (#331) to Dismiss Petition of Jean Mascak (#239).

For the reasons that follow, the Court **GRANTS** the government's Motion.

## BACKGROUND

On October 18, 2002, in a 34-count Superseding Indictment, the government charged Defendant Viktor Mascak, among others, with various crimes including Dealing in Firearms without a Federal Firearms License (FFL) in violation of 18 U.S.C. § 922(a)(1)(A); selling firearms to persons even though he was not a licensed importer, manufacturer, or dealer for firearms in violation of 18 U.S.C. § 922(a)(5); and making false statements on a number of Department of Alcohol, Tobacco, and Firearms (ATF) 4473 Forms in violation of 18 U.S.C. § 924(1)(1)(A).

On January 13, 2003, Defendant filed a Motion to Dismiss the Superseding Indictment based on allegations of perjured grand-jury testimony. On May 5, 2003, the Court entered an Order denying Defendant's Motion.

On October 16, 2003, the United States District Court for the Eastern District of Washington transferred to this Court an Indictment against Defendant on charges of Dealing in Firearms Without a License and Unlawful Transfer of a Firearm in violation

2 - OPINION AND ORDER

of 18 U.S.C. § 922(a)(5). On November 5, 2003, this Court consolidated Case Nos. 01-CR-512-BR and 03-CR-465-BR for trial.

On December 16, 2003, these cases proceeded to trial on charges against Defendant for Dealing Firearms Without a License and Selling Firearms to an Out-of-State Resident. On December 22, 2003, the jury rendered a Verdict finding Defendant guilty on all counts.

On June 25, 2004, the Court sentenced Defendant to 24 months imprisonment on each count to run concurrently. The Court also imposed a term of three years supervised release. On that same day, the Court entered Judgment.

On June 30, 2004, the Court entered Amended Judgments to reflect the Court's Orders requiring Defendant to forfeit all of the firearms identified in the Court's Preliminary Orders of Forfeiture. Defendant filed Notices of Appeal on July 2, 2004.

On September 13, 2004, Jean Mascak filed a Notice to Government of Legal Interest in Firearms (Petition) in which she alleged an ownership interest in "the [firearms] collection owned by Victor Mascak."

On August 5, 2005, the Ninth Circuit issued an Opinion in which it affirmed Defendant's conviction and the Court's Orders of forfeiture. The Ninth Circuit, however, remanded these cases to this Court for review of Defendant's sentence in accordance with *United States v. Ameline*, 409 F.3d 1073, 1084-85 (9th Cir.

3 - OPINION AND ORDER

2005).

On November 1, 2005, the Court entered Orders as to the Ninth Circuit's remand in which it explicitly evaluated the factors enumerated in 18 U.S.C. § 3553(a) and, nonetheless, concluded the same sentence would have been imposed even if the United States Sentencing Guidelines had been advisory at the time of the original sentencing. The Court, therefore, did not amend or alter the Amended Judgments.

On November 7, 2005, Defendant appealed the Court's November 1, 2005, Orders to the Ninth Circuit.

On August 1, 2006, the Ninth Circuit entered an Opinion in which it affirmed this Court's November 1, 2005, Orders.

On May 9, 2008, the government filed a Motion to Dismiss Petition of Jean Mascak in which they seek to dismiss Jean's Mascak's Notice to Government of Legal Interest in Firearms on the ground that she cannot establish ownership of the forfeited firearms. On August 18, 2008, the Court held a hearing on the government's Motion and directed Jean Mascak to submit further briefing on the issue of ownership by September 19, 2008, and the government to respond by October 1, 2008.

On September 17, 2008, Jean Mascak submitted a letter to the Court seeking an extension for an indefinite period of time to file further briefing. On September 22, 2008, the Court entered a Minute Order allowing Jean Mascak until October 22, 2008, to

file any additional materials as to her claims to the forfeited firearms. The Court noted it would take the matter under advisement on October 31, 2008.

On October 20, 2008, Jean Mascak submitted a letter to the Court again seeking an unspecified extension of time to file materials she believed to be pertinent to her claim. On November 5, 2008, the government filed a Response opposing Jean Mascak's request.

## STANDARDS

### I. Forfeiture Proceedings

Federal Rule of Criminal Procedure § 32.2(c)(1)(B) provides in pertinent part:

> **(1) In General.** If . . . a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.
>
> **(B)** . . . before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.

In a criminal forfeiture action, an ancillary hearing is not necessary "if the court can dispose of the claim on the pleadings as a matter of law." *United States v. Martinez*, 228 F.3d 587,

5 - OPINION AND ORDER

598 (5th Cir. 2000)(citations omitted)). *See also United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir. 1988)(under 21 U.S.C. § 853, a district court is not required to hold a hearing or trial when claimants fail to allege or make a *prima facie* showing of a legal right, title, or interest in the forfeited property). "Congress intended to grant a third party the right to a hearing only when facts are in dispute that require resolution in order to resolve the claim." *Id.*

## II. Summary Judgment

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id.* "Summary judgment cannot be

6 - OPINION AND ORDER

granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## DISCUSSION

### I. Forfeiture Provisions Generally

21 U.S.C. § 853(n)(2) provides in pertinent part:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this

> section may . . . petition the court for a hearing
> to adjudicate the validity of his alleged interest
> in the property.

Section 853(n)(6)(A) provides in pertinent part:

> If, after the hearing, the court determines that
> the petitioner has established by a preponderance
> of the evidence that--
>
> (A) the petitioner has a legal right, title, or
> interest in the property, and such right, title,
> or interest renders the order of forfeiture
> invalid in whole or in part because the right,
> title, or interest was vested in the petitioner
> rather than the defendant . . . *at the time of the
> commission of the acts* which gave rise to the
> forfeiture of the property under this section
> . . . the court shall amend the order of
> forfeiture in accordance with its determination.

(Emphasis added.) The intent of the requirement that the petitioner's interest be vested in the petitioner rather than in the defendant at the time of the commission of the acts that gave rise to the forfeiture "was to prevent a defendant from defeating forfeiture by conveying title prior to conviction" and thereby avoid forfeiting assets. *United States v. Hooper*, 229 F.3d 818, 821 (9th Cir. 2000)(citing S. Rep. No. 98-225, at 209 (1984)).

The general purpose of the forfeiture provisions at issue is "to provide both a severe penalty and a strong deterrent to those involved in the trafficking of illicit drugs and other illegal activities." *United States v. Reckmeyer*, 628 F. Supp. 616, 619 (E.D. Va. 1986)(citing *United States v. Martino*, 681 F.2d 952, 957 (5th Cir. 1982)).

Mascak's Petition because she has not established that she had any right, title, or interest in the firearms at issue at the time Viktor Mascak committed the acts leading to forfeiture.

Jean Mascak alleges she had an interest in the firearms at the time of Defendant's acts because she was married to Viktor Mascak for 31 years. Jean Mascak testified at her deposition, however, that she and Viktor Mascak divorced in 1995, which was several years before Viktor Mascak committed the acts leading to forfeiture, and that she gave up any interest in the firearms to Viktor Mascak in the divorce.

Oregon Revised Statute § 7.105 provides when a judgment of divorce is entered, the property division is "deemed effective for all purposes." Here Jean Mascak's relinquishment of her rights to the firearms in the 1995 divorce decree ends the Court's inquiry. *See United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007)(if a claimant does not have any interest in the forfeited items under state law, "the inquiry ends and the claim fails for lack of standing.").

In her October 20, 2008, letter, Jean Mascak asserts she is seeking copies of records for several of the firearms to indicate all of the firearms at issue were manufactured before her divorce in 1995. Even if Jean Mascak produced those records, however, they would not establish she had any interest in those firearms at the time Victor Mascak committed the acts that led to

9 - OPINION AND ORDER

forfeiture of the firearms.

Jean Mascak also contends a Will drafted by Victor Mascak in 1986 establishes that she would inherit the firearms at some time. Under Oregon law, however, the fact that an individual will inherit property under a will does not give that individual a current interest in the property; *i.e.*, an expectancy interest in property under a Will is not a vested interest under Oregon law because a will may be changed or property transferred before death. *See Scott v. Ford*, 52 Or. 288, 294 (1908). Thus, a will does not vest a property interest before the death of the testator. *In re Smith's Estate*, 212 Or. 481, 489 (1958). Finally, pursuant to Oregon Revised Statute § 112.315, any future interest in the firearms that Jean Mascak may have had at the time Victor Mascak executed his Will was drafted was extinguished when they were divorced.

On this record, the Court concludes Jean Mascak has not established by a preponderance of the evidence that she retained any right, title, or interest in the forfeited firearms at issue after her divorce from Victor Mascak in 1995, which was several years before Victor Mascak committed the acts that gave rise to the forfeiture of those firearms.

Accordingly, the Court grants the government's Motion to Dismiss Petition of Jean Mascak.

10 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** the government's Motion (#331) to Dismiss Petition of Jean Mascak.

IT IS SO ORDERED.

DATED this 12th day of January, 2009.

*[signature]*

ANNA J. BROWN
United States District Judge